UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Tayron Tyree Weeks,
Petitioner

v.

Case No. 23-cv-0165-SM
Opinion No. 2023 DNH 065

Warden, FCI Berlin,
Defendant

**O R D E R**

Until his recent transfer to another federal facility, Tayron Tyree Weeks had been an inmate at the Federal Correctional Institution in Berlin, New Hampshire. He filed this § 2241 petition challenging the Bureau of Prisons' determination that he is ineligible to earn time credits under the First Step Act ("FSA") because his underlying crime of conviction - sex trafficking of a child – disqualifies him from doing so. Liberally construed, Weeks' petition alleges that he is entitled to earn and to apply FSA time credits toward early release to supervision and he seeks an order compelling the BOP to change his FSA status from "ineligible" to "eligible."

The government moves for summary judgment, asserting that, as a matter of law, Weeks is prohibited from earning FSA time

credits toward an early release to supervision. The government is correct and, for the reasons discussed, its motion is granted.

**Discussion**

Petitioner is not entitled to the relief he seeks for at least two reasons. First, he has failed to fully and properly exhaust available prison administrative remedies relating to his FSA status. See Affidavit of Robert Rouleau, BOP Case Management Coordinator (document no. 6-1) at para. 15 ("I have reviewed the SENTRY administrative remedy records pertaining to Petitioner. SENTRY indicates Petitioner used the administrative remedy process to grieve a number of issues, including mail procedures and a request for compassionate release. However, Petitioner has never filed any requests for administrative remedy or administrative appeals regarding his FSA eligibility."). And, barring unusual circumstances, claims that have not been fully and properly exhausted are subject to dismissal. See generally 42 U.S.C. § 1997e(a). See also Gonzalez v. Yates, 2023 WL 2916677 (E.D. Ark. April 12, 2023) (noting that a prisoner may be excused from exhausting administrative remedies if his or her claims raise only legal issues (e.g., proper interpretation of the FSA) or if the

prisoner is near the end of his or her term of imprisonment and lacks sufficient time to properly exhaust).

But, even if Weeks had fully and properly exhausted his claim (or if he were excused from doing so because his petition raises only a legal challenge to the BOP's interpretation of the FSA), it is plain that he is not entitled to the relief he seeks. Under the First Step Act, eligible federal inmates may earn FSA time credits for the successful completion of "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Time credits earned under that program "shall be applied toward time in prerelease custody or supervised release." Id. at § 3632(d)(4)(C). Based upon their underlying crimes of conviction, however, certain inmates are not eligible to receive FSA time credits. See 18 U.S.C. § 3632(d)(4)(D). Other inmates are ineligible to apply FSA time credits toward prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(E)(i). Weeks falls into the former category.

In December of 2014, Weeks pled guilty to one count of sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a), (b)(2), and (c). See Judgment in a Criminal Case (document no. 6-1) at 5. He was sentenced to serve a term of 132 months in

prison, followed by ten years of supervised release. Id. at 6-7. As it pertains to this action, the relevant provision of the First Step Act states that, "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . any offense under chapter 77, relating to peonage, slavery, and trafficking in persons, except for sections 1593 through 1596." 18 U.S.C. § 3632(d)(4)(D)(xxvii). Because Weeks was convicted of a disqualifying offense under chapter 77 – that is, violating 18 U.S.C. §§ 1591(a), (b)(2), and (c) – he is statutorily prohibited from earning time credits under the First Step Act.

## Conclusion

For the foregoing reasons, as well as those set forth in the respondent's filings, it is plain that, as a matter of law, Weeks is not entitled to the relief he seeks. Accordingly, the government's Motion for Summary Judgment (**document no. 6**) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

May 25, 2023

cc: Tayron Tyree Weeks, pro se
Seth R. Aframe, Esq.